## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DWIGHT LACY** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action** |
| ) | |
| **MARIA LAURA ORTEGA,** ) | |
| ) | |
| **Defendant** ) | |
| ) | |
| ) | |
| **WEICHERT REALTORS** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

## COMPLAINT

Plaintiff, Dwight Lacy ("Plaintiff"), by and through undersigned counsel, brings this civil action pursuant to 28 U.S.C. Section 1331, Residential Lead-Based Paint Hazard Reduction Act 42 U.S.C. Section 4852(d) "Act", Consumer Fraud and Deceptive Trade Practices, 42 U.S.C. Section 1367, D.C. Code § 28-3905(k)(1), 24 C.F.R. 35.88, as a result of Defendants' sale of real property to Plaintiff located at, 477 Valley Avenue SE, Washington, DC, 20032. Plaintiff alleges as follows against Defendant Maria Laura Ortega ("Defendant Ortega"), and Weichert Realtors ("Defendant Weichert Realtors"), jointly and severally as a result of the actions of its employees and agents:

Defendant Ortega on behalf of Weichert Realtors, engaged in unlawful activity in this real estate transaction. Primarily, Defendant Ortega, the Seller, coordinated a full renovation of 477 Valley Avenue SE, Washington**,** DC 20032, without securing the necessary permits and

approval inspection from the appropriate District of Columbia agencies. Thereafter, Defendants advertised the property as fully renovated, failed to disclose material facts and defects, and engaged in unfair and deceptive trade practices to induce the Plaintiff into purchasing the home.

Unpermitted construction and renovations are illegal and deemed a threat to the public health, safety, and welfare of all District of Columbia residents. Defendants failed to disclose these material facts, which caused harm to the Plaintiff, and therefore, owes the Plaintiff the relief in law and in equity. Plaintiff pursues his claims against Defendants, jointly and severally, in the amount of five-hundred thousand dollars ($500,000.00).

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 42 U.S.C. Section 1367 (supplemental jurisdiction), 42 U.S.C. Section 4852d(b)(4)(Residential Lead-Based Paint Hazard Reduction Act) (hereinafter 'the Act").

2.      Venue lies in this court pursuant to 28 U.S.C. § 1391(e) and the Court's pendent jurisdiction, because the events giving rise to Plaintiff's claims occurred in the District of Columbia.

## PARTIES

3.      Plaintiff Dwight Lacy, is an adult resident of the District of Columbia, and buyer of the real property at issue located at, 477 Valley Avenue SE, Washington, DC, 20032, where he currently resides. Plaintiff asserts respondeat superior where appropriate.

4.      Defendant, Maria Laura Ortega, is an adult who, upon information and belief, is a licensed real estate agent, license #SP200202669, of the firm Weichert Realtors and represented

herself as a broker on behalf of the firm Weichert Realtors, regarding the sale of the real property at issue located at 477 Valley Avenue SE, Washington, DC, 20032.

5.    At all times material to this transaction, Defendant Ortega, acted in a dual capacity as owner of the property for sale and the Seller's Agent.

6.    Defendant Weichert Realtors falls under this Court's jurisdiction because at all times relevant to this Complaint, upon information and belief it was and is a company incorporated under the laws of Commonwealth of Virginia, and is authorized to conduct, and in fact does conduct, substantial business in the District of Columbia, and the acts, claims and damages arise out of conduct in the District of Columbia.

## FACTS

7.    On or about June 19, 2020, Defendant Maria Laura Ortega acquired the real property located at 477 Valley Avenue SE, Washington, DC, 20032, and advertised it for sale as "fully renovated" on October 30, 2020.

8.    On or about October 22, 2020, and at all times relevant to this matter, Plaintiff retained real estate agent Keith James, a principal of Coalition Properties Group, which operates as a branch of the Keller Williams Real Estate Firm.

9.    Upon information and belief, Defendant Ortega is employed by Weichert Realtors.

10.    At all times material to this transaction, Defendant Ortega, acted in a dual capacity as the owner of the property for sale and as the Seller's Agent.

11.    On or about November 2, 2020, Defendant Ortega signed and acknowledged documents indicating that she was not exempt from property condition disclosures.

3

12.     On or about November 16, 2020, on behalf of Plaintiff, Keith James submitted an offer to purchase 477 Valley Avenue SE, Washington, DC 20032, for $425,000.00. Defendant Ortega issued a counteroffer of $433,000.00.

13.     On or about on November 17, 2020, Plaintiff entered into a contract to purchase 477 Valley Avenue SE, Washington DC, for $433,000.00, subject to inspection contingencies.

14.     At all times relevant to this transaction, Plaintiff refused to waive any inspection or appraisal contingencies, and did *not* agree to terms pertaining to "AS IS" clauses or removal or deletion of buyer protections.

15.     On or about on November 17, 2020, Defendant Ortega affirmed and represented to Plaintiff regarding the sales contract that:

   a.   Renovating a residential home without required permits, is deemed by Department of Consumer and Regulatory Affairs ("DCRA") as illegal construction. DCRA possesses the authority to issue stop work orders for illegal and unpermitted construction. Penalties for unpermitted work may be up to $2,000 per infraction.

   b.   DCRA Code deems illegal construction a threat to public health, safety, and welfare of all DC residents.

16.     On or about November 17, 2020, Defendant Ortega emailed Plaintiff's real estate agent, Keith James, a detailed list outlining "[$]100K" spent renovating 477 Valley Avenue SE, Washington, DC 20032.

17.     On or about November 17, 2020, Defendant Ortega represented to Keith James via email that she spent $100,000.00 to renovate and repair multiple issues on the property including, but not limited to, damaged plumbing pipes, HVAC, duct work, structural, and electrical work.

4

18.     On or about November 17, 2020, with respect to the required Seller's Disclosures, Defendant Ortega attested to Plaintiff and Keith James to having no actual knowledge of any zoning violations, nonconforming uses, violation of building restrictions or setback requirements, or any recorded or unrecorded easement, except for utilities, on or affecting the property, upon which Plaintiff relied.

19.     Upon information and belief, between June 19, 2020, and December 21, 2020, only two renovation permits pertaining to the property in questions had been filed and approved by the Washington DC Department of Consumer and Regulatory Affairs (DCRA).

20.     On or about November 17, 2020, Defendant Ortega signed, agreed, and represented to Plaintiff and Keith James that, "Unless otherwise agreed to in writing, Seller will pay any governmental special assessments and will comply with all orders or notices of violations of any county or local authority, condominium unit owners' association, and/or homeowners' association or actions in any court on account thereof, against or affecting the Property on the Settlement Date", upon which Plaintiff relied.

21.     On or about November 17, 2020, Plaintiff reviewed the aforementioned attestation and signed the sales contract and agreed to remit the requisite $7,500.00 earnest money deposit to escrow agent Smart Settlements, LLC.

22.     On or about November 24, 2020, Plaintiff was diagnosed with Covid-19 and the parties executed a "Covid-19 Addendum" which allowed Plaintiff to quarantine and provided an extension of time in which to complete an inspection and schedule a closing date.

23.    On or about November 28, 2020, Kelly Davis of K4 Home Inspections, LLC., conducted an inspection of the property located at 477 Valley Avenue SE, Washington, DC 20032.

24.    On or about November 28, 2020, an independent and detailed Uniform Residential Appraisal Report was completed by KMG Appraisal Group, LLC., and delivered to Plaintiff.

25.    On or about December 2, 2020, Plaintiff remitted the earnest money deposit to escrow agent, Smart Settlements, LLC.

26.    On or about December 4, 2020, K4 Home Inspections, LLC produced a detailed 34-page report outlining items of concern at the property located at 477 Valley Avenue SE, Washington, DC 20032.

27.    Based upon the findings of the report and the inspection contingency, Defendant Ortega agreed to upgrade the electrical panel box from 100 amps to 200 amps, which required a permit.

28.    Defendant Ortega demonstrated knowledge of obtaining the necessary permits with the District of Columbia Government, such that she caused permits for electrical repairs, as well as updates to the HVAC system to be obtained.

29.    Generally, small repairs and replacements do not require permits by DCRA. However, larger repairs, full renovations, additions, and alterations require the submission of plans of action, and permits to be issued by DCRA prior to the commencement of work.

30.     On or about December 19, 2020, Kelly Davis conducted a second inspection of 477 Valley Avenue SE, Washington, DC 20032, to inspect the electrical improvements and to inspect the attic.

31.     On or about December 19, 2020, a report was produced to Plaintiff outlining the inspection findings.

32.     After exercising the Covid-19 addendum, the closing was scheduled to take place on December 21, 2020.

33.     Prior to Plaintiff closing on the property, Defendant Ortega agreed and represented to Plaintiff that she would execute full performance of the conditions of the sales contract pertaining to 477 Valley Avenue SE, Washington, DC 20032.

34.     On or about December 21, 2020, Plaintiff executed a sales contract for the property located at 477 Valley Avenue SE, Washington, DC 20032, and stated at the closing that Plaintiff would be utilizing the property as his primary residence.

35.     Plaintiff relied upon Keith James' expertise, and Defendant Ortega's advertisements, disclosures, and statements to enter into a 30-year Mortgage agreement to purchase and possess the property in question, at the price of $433,000.00.

36.     Plaintiff submitted closing costs totaling $17,827.00 cash, in addition to submitting a cashier's check for a total of $39,475.56, paid to the escrow agent to purchase the home.

37.     On or about December 23, 2020, Plaintiff hand delivered a cashier's check in the amount of $31,975 to Smart Settlements, LLC.

7

38.     Plaintiff's overall obligation for possession of the home is $450,827.67, before accrued interest. The total burden of the 30-year mortgage, including interest, is approximately $613,176.32.

39.     On or about January 3, 2021, Plaintiff moved into the property.

40.     Shortly thereafter, Plaintiff observed a leak originating from the water heater causing water to pool in the basement level of the property.

41.     On or about February 12, 2021, Plaintiff then observed a deficiency in the heating of his home and caused an inspection of the insulation of the attic to be conducted, which revealed insufficient insulation, in violation of DC Code R402.2.1.

42.     On or about February 10, 2021, and February 12, 2021, Plaintiff reported his findings to DCRA by telephone and in writing as to the nature of the unpermitted renovations and modifications conducted at the property.

43.     On or about March 3, 2021, DCRA representatives confirmed that it possessed record of only two permits on file for the renovation work completed as represented by Defendant Ortega on November 17, 2020.

44.     On or about June 9, 2021, DCRA Inspector Gregory Watkins conducted a preliminary inspection of the property in question and immediately identified multiple code violations affecting the entire house and required abatement subject to monetary penalties if not satisfied within seven (7) days.

45.     On or about November 2021, Plaintiff returned home from travel to find the basement level flooded due to a water heater leak, causing mold to develop and damage to Plaintiff's personal property.

46.      Thereafter, it was determined that the leak was due to inadequate installation of the water heater and failure to install it to meet standard code.

47.      On or about December 9, 2021, Plaintiff received confirmation from LaLa Seidensticker, Environmental Protection Specialist, Department of Energy & Environment, ("DOEE") that there was no record of the issuance of a DCRA permit for lead-based paint regulatory compliance, nor any record of a DOEE lead renovation or lead abatement permit having been applied for or issued regarding the property at issue.

48.      On or about February 18, 2022, Plaintiff obtained an estimate for lead paint abatement costs totaling, $249,090.00, that would span a period of at least six months.

49.      The abatement procedures necessitate Plaintiff's relocation to alternate accommodations and storage of personal property within the home for the duration of the remediation.

## COUNT I

### Negligent Misrepresentation

50.      Plaintiff incorporates by reference the allegations set forth in all foregoing paragraphs, as if fully set forth herein.

51.      At all times material to this transaction, Defendant Ortega was an agent and employee of Weichert Realtors of Fairfax Virginia.

52.      Defendant Ortega was and is a licensed real estate agent who acted in a dual capacity as owner of the property for sale and the Seller's Agent.

53.      As early as June 20, 2020, Defendant Ortega and Defendant Weichert Realtors knew or should have known that the real property in question had lead-based paint, as the home

was constructed in 1948.

54.    On or about November 17, 2020, Defendant Ortega represented to real estate agent Keith James via email that she spent $100,000.00 to renovate and repair multiple issues on the property including, but not limited to, damaged plumbing pipes, HVAC,  duct work, structural, as well as electrical work.

55.    Upon information and belief, Defendant Ortega caused the repairs to be completed largely without proper permits.

56.    On or about June 9, 2021, an agent of DCRA conducted an inspection of said property and outlined multiple code violations including demolition of rear exterior steps, demolition of a side window, repair and finishing of basement level, and repair and updates to the electrical system throughout the property.

57.    As the property was constructed in 1948, Defendant Ortega and Defendant Weichert Realtors had constructive notice of the presence of lead-based paint in the property and failed to obtain proper permits to complete the $100k in repairs as represented by Defendant Ortega.

58.    As of April 2010, in the District of Columbia, contractors who renovate more than two square feet of painted surfaces constructed prior to 1978, must be certified lead-safe under guidelines established by the Environmental Protection Agency and DOEE.

59.    Housing constructed prior to 1978 is presumed to contain lead-based paint. Lead from paint, paint chips, and dust may pose health hazards if not remediated properly.

60.    Defendants failed to exercise reasonable care and as of June 2020, Defendants had a duty to obtain the proper permit to abate lead-based paint on the property and sufficiently remediate the issue.

61.    In violation of their aforesaid duty, Defendant Ortega and Defendant Weichert Realtors carelessly and negligently failed to obtain proper permits to remediate the lead-based paint in the property in question, which has posed significant health hazards to Plaintiff.

62.    As a direct and proximate result thereof, Plaintiff purchased said property and was subsequently cited by DCRA for multiple code violations. Plaintiff has incurred and will incur significant penalties.

## COUNT II

### Consumer Fraud and Deceptive Trade Practices

63.    Plaintiff incorporates by reference the allegations set forth in all foregoing paragraphs, as if fully set forth herein.

64.    Prior to entering into the sales contract with Plaintiff, Defendant Ortega and Defendant Weichert Realtors knew or should have known of the existence of lead-based paint in said property, as the property was constructed in 1948.

65.    The existence of lead-based paint in the property and the disturbance of lead-based paint as a result of renovations coordinated by Defendant Ortega, was a latent defect and material fact that should have been disclosed to Plaintiff.

66.    Defendants' omissions detrimentally impacted Plaintiff's ability to assess whether to proceed with the purchase of the property.

67.    Defendant Ortega and Defendant Weichert Realtors intended that Plaintiff would rely upon their failure to disclose the existence of lead-based paint in the property.

68.    As a direct and proximate result thereof, Plaintiff purchased said real estate, and subsequently was cited by DCRA for multiple code violations and has expended large sums of

money to address DC Code violations, attorney's fees and will in the future have to expend large sums of money to remove and replace lead-based paint from said real estate.

69.     Plaintiff received an estimate of $249,090.00 to abate the lead-based paint issue in the property at issue.

70.     On or about February 18, 2022, Plaintiff obtained an estimate for lead paint abatement costs totaling, $249,090.00, that would span a period of at least six months.

71.     The abatement procedures necessitate Plaintiff's relocation to alternate accommodations and storage of personal property within the home for the duration of the remediation, resulting in additional expense.

## COUNT III

### Violation of DC Consumer Protection Procedures Act
(DC Code § 28-3905(k)(1))

72.     Plaintiff incorporates by reference the allegations set forth in all foregoing paragraphs, as if fully set forth herein.

73.     Defendants committed fraudulent and misleading misrepresentations relating to a real estate transaction under the DC Consumer Protection Procedures, which does not require proving fraud with particularity, in violation of D.C. Code § 28-3901(a)(7).

74.     Defendants engaged in unfair and deceptive trade practices in violation of the DC Consumer Protection Procedures.

75.     Specifically, the Defendants violated D.C. Code § 28-3904(dd), unfair or deceptive trade practices, which incorporate violations of any provision of Title 16 of the District of

Columbia Municipal Regulations. Defendants violated multiple provisions of Title 16, including

CDCR 16-3301.1 and 3301.2. and DC Official Code § 47-2853.04.

76.   The existence of lead-based paint in the property and the disturbance of lead-based

paint as a result of renovations coordinated by Defendant Ortega, was a latent defect and material

fact that should have been disclosed to Plaintiff.

77.   Defendant's omissions have caused and to continue to cause harm and expense to

Plaintiff.

<u>**COUNT IV**</u>

Violation of Residential Lead-Based Paint Hazard Reduction Act
(42 U.S.C. Section 4852(d), "Act")

78.    Plaintiff incorporates by reference the allegations set forth in all foregoing

paragraphs, as if fully set forth herein.

79.    At all times material to this transaction, Defendant Weichert Realtors was a

corporation conducting business in the District of Columbia.

80.    At all times material to this transaction, Defendant Ortega, acted in a dual

capacity as owner of the property for sale and the Seller's Agent.

81.   Defendant Ortega received compensation in her position as owner of the property

and agent for Weichert Realtors.

82.    On or about December 21, 2020, Plaintiff entered into a contract with Defendant

Ortega and Defendant Weichert Realtors to purchase the property in question.

83.   As the property was constructed in 1948, Defendant Ortega and Defendant Weichert

Realtors had constructive notice of the presence of lead-based paint in the property and failed to

13

obtain proper permits to complete the "[$]100k" in repairs as represented by Defendant Ortega.

84.    As of April 2010, in the District of Columbia, contractors who renovate more than two square feet of painted surfaces constructed prior to 1978, must be certified lead-safe under guidelines established by the Environmental Protection Agency and DOEE.

85.    Housing constructed prior to 1978 is presumed to contain lead-based paint. Lead from paint, paint chips, and dust may pose health hazards if not remediated properly.

86.    Defendants failed to exercise reasonable care and as of June 2020, Defendants had a duty to obtain the proper permit to abate lead-based paint on the property and sufficiently remediate the issue.

87.    At all times material to this transaction, Defendant Ortega and Defendant Weichert Realtors knew or should have known that the property in question was constructed before 1978.

88.    At all times material to this transaction the Act, specifically Section 4852(a)(4), and the regulations promulgated thereto, specifically 24 C.F.R. 35.94, provided that an agent was required "to ensure compliance" with the requirements of the Act and of the regulations promulgated thereto.

89.    At all relevant times, the Act and 24 C.F.R. 35.88 provided that the seller of residential housing constructed before 1978 must provide the purchaser with a lead hazard information pamphlet as prescribed by the Administrator of the Environmental Protection Agency.

90.    In violation of their aforesaid duty, Defendant Ortega and Defendant Weichert Realtors carelessly and negligently failed to obtain proper permits to remediate the lead-based

paint in the property in question, which has posed significant health hazards.

## COUNT V

Violation of Construction Code

D.C. Code § 6-641.09 (Building, Electrical, Mechanical)

91.    Plaintiff incorporates by reference the allegations set forth in all foregoing paragraphs, as if fully set forth herein.

92.    Defendants failed to obtain all required permits to execute a full renovation from the District of Columbia Housing and Regulatory Authority (DCHRA), in violation of D.C. Code § 6-641.09, and DC Code of Municipal Regulations CDCR 12A-105, and CDCR 16-3306.1.1.

93.    Defendant Ortega, the Seller, coordinated a full renovation of 477 Valley Avenue SE, Washington,  DC 20032, without securing the appropriate permits and approval inspection from the District of Columbia regulatory agencies. Thereafter, Defendants advertised the property as fully renovated and failed to disclose the failure to obtain proper permits resulting in fines and penalties.

## COUNT VI

Breach of Contract

94.    Plaintiff incorporates by reference the allegations set forth in all foregoing paragraphs, as if fully set forth herein.

95.    Defendant Ortega was bound under the sales contract to pay all taxes, fees, penalties owed to the District of Columbia government. Defendants' illegal construction without

permits caused penalties and assessments owed to the District of Columbia Government that attached to the property.

96.    Defendants, jointly and severally failed to perform as contracted. Defendant Ortega and Defendant Weichert Realtors failed to disclose the disturbance of existing lead paint as a result of the "[$]100K" renovations Defendant Ortega asserted that she had undertaken on or about November 17, 2020.

97.    Defendant Ortega failed to fully perform her promises material to the agreement, tainting the Contract formation among the buyer, seller, and escrow agent. Because of the Defendants' failure to perform as attested, the parties never had a meeting of the minds as to the true appraised value of the home nor did the Plaintiff possess an understanding or knowledge of ongoing illegal public health violations inherent in the home. The escrow agent was not authorized to either take actions of transferring funds or to record the deed and title.

98.    To date, Defendant Ortega and Defendant Weichert Realtors have not remitted payment for any of the fines and penalties incurred from their negligence prior to Plaintiff's purchase of the property.

## **COUNT VII**

### Negligent Infliction of Emotional Distress

99.    [A] plaintiff may recover for negligent infliction of emotional distress if the plaintiff can show that (1) the defendant has a relationship with the plaintiff, or has undertaken an obligation to the plaintiff, of a nature that necessarily implicates the plaintiff's emotional well-being, (2) there is an especially likely risk that the defendant's negligence would cause

serious emotional distress to the plaintiff, and (3) negligent actions or omissions of the defendant in breach of that obligation have, in fact, caused serious emotional distress to the plaintiff.

100. Defendant Ortega and Defendant Weichert Realtors knew or should have known of the existence of lead-based paint in said property, as the property was constructed in 1948.

101.  Housing constructed prior to 1978 is presumed to contain lead-based paint. Lead from paint, paint chips, and dust may pose health hazards if not remediated properly.

102.    Defendant Ortega and Defendant Weichert Realtors had constructive notice of the presence of lead-based paint in the property and failed to obtain proper permits to complete the $100k in repairs as represented by Defendant Ortega.

103.    Defendant Ortega and Defendant Weichert Realtors had constructive notice of the presence of lead-based paint in the property and failed to obtain proper permits to complete abatement of existing lead-based paint in the property.

104.    Defendant Ortega and Defendant Weichert Realtors' failure to obtain proper permits to complete the lead-based paint abatement, as well as failures to obtain requisite permits to renovate and repair the property prior to its sale, resulted in a significant health hazard, physical injury and serious emotional distress.

Wherefore, Plaintiff prays for the following relief as a result of the conduct of Defendant Ortega and Defendant Weichert Realtors, compensatory damages in an amount equal to or in excess of $500,000, economic damages, medical expenses, plus interest, appropriate injunctive, and declaratory relief including, but not limited to attorney's fees and costs, treble damages as warranted and such other relief as this court deems necessary and appropriate.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: March 1, 2022

Respectfully submitted,


By: /s/ Theresa A. Owusu
Theresa A. Owusu  # 974435
GO Law Group, PLLC
1775 Eye Street, NW, Suite 1150
Washington, DC 20006
Telephone:  202-587-5680
towusu@dgolawgroup.com
*Attorney for Plaintiff*