**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **DWIGHT LACY,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MARIA LAURA ORTEGA, *et al.*,**<br><br>**Defendants.** | ) | **Case No. 22-cv-00558 (APM)** |

**MEMORANDUM OPINION AND ORDER**

**I.**

In March 2022, Plaintiff Dwight Lacy filed suit against Defendants Maria Laura Ortega and Weichert Realtors claiming they had engaged in deceptive practices in connection with his purchase of a house. Compl, ECF No. 1. The proceedings continued for years, and on May 13, 2026, after a mediation session before a magistrate judge, the parties exchanged a "Term Sheet of Material Settlement Terms" ("Term Sheet"), to which each side expressed its assent via email. Two of its terms are at issue. One requires the parties—mainly, Plaintiff—to "take any and all reasonable action" to "seek the withdrawal or dismissal" of any administrative actions then pending relating to the subject property or the parties ("Withdrawal Term"). Term Sheet ¶ 5.[1] Plaintiff had initiated several such administrative actions by filing complaints against Ortega with different regulators. *See* Def. Ortega's Mot. to Enforce Settlement Agreement, ECF No. 88 [hereinafter Def.'s Mot.], at 2. The second requires Plaintiff "not to cooperate with any

[1] At the court's request, the parties shared the Term Sheet with only the settlement sum redacted. Although the parties have treated the Term Sheet as a confidential settlement communication and not included it in their filings, the court nevertheless finds it appropriate to quote the relevant provisions in full as they are central to the court's reasoning and necessary for the public's understanding of this decision.

administrative action, if taken, against either [Ortega or Weichert Realtors]" ("Non-Cooperation Term"). Term Sheet ¶ 6. Plaintiff is a lawyer and a member of the District of Columbia and Kentucky Bar Associations. Pl.'s Opp'n to Def.'s Mot., ECF No. 90 [hereinafter Pl.'s Opp'n], at 3. Following the parties' assent to the Term Sheet, Plaintiff sought ethics advice from both associations as to whether a settlement agreement containing the Non-Cooperation Term would run afoul of the rules of professional conduct. *See* Pl.'s Opp'n, Exs. A & B, ECF Nos. 90-1 & 90-2. He did not make the same inquiry about the Withdrawal Term. *Id.* The responses from the bar associations were unequivocal: accepting compensation as part of a settlement that included the Non-Cooperation Term would violate the rules of professional responsibility. *Id.*

The ethics opinions led to the present dispute. Believing the parties had entered a binding settlement agreement, Ortega demanded that Plaintiff take steps to seek the withdrawal or dismissal of the administrative actions he had initiated. Def.'s Mot. at 2–3. Plaintiff refused based on the ethics opinions he had received. *Id.*; Pl.'s Opp'n at 4. Ortega now moves to enforce the Term Sheet's Withdrawal Term. Def.'s Mot. at 2–3. She argues that the Term Sheet is a final, enforceable contract, *see id.* at 4–5, and that Plaintiff's ethics concerns about the Cooperation Term are beside the point, because she seeks only to compel compliance with the Withdrawal Term, Def.'s Reply in Support of Def.'s Mot., ECF No. 91 [hereinafter Def.'s Reply], at 1–3.

Plaintiff responds with two arguments. First, he asserts that the Term Sheet is merely a non-binding "mediation document" and not a final settlement agreement because the parties did not commit it to writing, as required by this court's Local Civil Rules. Pl.'s Opp'n at 4–6 (citing LCvR 84.7(f) ("Agreements reached during mediation shall not bind parties unless they are reduced to writing and signed by counsel and the parties.")). Second, even "if the term sheet is a contract," he contends, "it contains illegal terms that should not be enforced." *Id.* at 6. According

to Plaintiff, his compliance with the Non-Cooperation Term would be patently unethical and thus it cannot be enforced. *Id.* at 6–8. Nor can the Withdrawal Term because he could not seek the dismissal of administrative complaints "without compromising his integrity as a cooperative witness." *Id.* at 8.

The court generally agrees with Plaintiff's second contention, so does not address the first.

**II.**

"It is a long-standing principle of District of Columbia law that when parties have entered into an illegal contract, such contract is unenforceable and, typically, [courts] leave the parties where we find them." *McMahon v. Anderson, Hibey and Blair*, 728 A.2d 656, 658 (D.C. 1999). Or, put differently, it is a "general rule of contract law [that] the effect of illegality on a contractual arrangement is that the arrangement is unenforceable by either party." *Id.* (citing RESTATEMENT OF THE LAW OF CONTRACTS § 958 (1932)).

Here, the Term Sheet contains a "material" term—the Non-Cooperation Term—that, even if not strictly "illegal," at a minimum requires Plaintiff to act in a manner that would violate the rules of professional conduct. His avowed non-cooperation with regulatory inquiries would breach multiple rules. Plaintiff does not argue otherwise. The Term Sheet therefore cannot be enforced by either party under District of Columbia law. *Cf. Hartman v. Lubar*, 133 F.2d 44, 45 (D.C. Cir. 1942) (stating that "an illegal contract, made in violation of a statutory prohibition designed for police or regulatory purposes, is void and confers no right upon the wrongdoer"). It is "void and unenforceable." *McMahon*, 728 A.2d at 659.

It is no response to say that Ortega seeks to enforce *only* the Withdrawal Term, *see* Def.'s Reply at 3, as to which neither bar association offered an opinion. Because even if that specific term does not put Plaintiff at risk of violating a rule of professional conduct, Ortega cannot pick

and choose the portions of an illegal contract that she wishes to enforce. She cites no case that would allow her to do so. Again, because the Non-Cooperation Term requires Plaintiff to violate the rules of professional conduct, the Term Sheet is "void," and the court must "leave the parties where [it] found them." *McMahon*, 728 A.2d at 659. That means there is no binding settlement agreement between Plaintiff and Ortega and thus no term to enforce, illegal or not.

**III.**

For the reasons stated, Ortega's Motion to Enforce Settlement Agreement, ECF No. 88, is denied. The parties shall appear for a remote status conference on October 23, 2026, at 1:30 p.m.

Dated: October 16, 2026

Amit P. Mehta
United States District Court Judge